**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4166**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERTO R. RODRIGUEZ, a/k/a Forty, a/k/a 40, a/k/a Mike,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:19-cr-00076-LO-1)

Submitted: November 17, 2020               Decided: November 19, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

John P. Buza, Robert W. Georges, KONTA GEORGES & BUZA, P.C., New York, New York, for Appellant. G. Zachary Terwilliger, United States Attorney, Daniel T. Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alberto R. Rodriguez pled guilty, pursuant to a plea agreement, to a criminal information charging him with conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and the district court sentenced him to 144 months' imprisonment. Rodriguez filed a pro se notice of appeal and now argues that counsel rendered ineffective assistance by failing to object to an offense-level enhancement. In response, the Government requests that we dismiss the appeal as untimely.

A criminal defendant must file his notice of appeal within 14 days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4).

The district court entered its judgment on July 15, 2019, and Rodriguez filed his notice of appeal on February 18, 2020. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule). Because Rodriguez failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal as untimely.[*] *See United States v. Marsh*, 944 F.3d 524, 527 (4th Cir. 2019) (explaining that "Rule 4(b)'s deadline is a mandatory claim-processing rule that must be strictly applied"), *cert. denied*, 140 S. Ct. 2787 (2020).

---

[*] Because we dismiss the appeal as untimely, we need not consider the Government's alternative request to dismiss the appeal as barred by the appellate waiver in Rodriguez's plea agreement.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*